IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FREDDIE GUNN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No.: 2:16cv548-WKW-WC |
| | ) |
| ELMORE COUNTY BOARD OF EDUCATION, | ) |
| | ) |
| Defendant. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Before the court is Defendant's Motion to Dismiss for Failure to State a Claim (Doc. 6), Plaintiff's Response (Doc. 13) and Amended Complaint (Doc. 12), and Defendant's Reply (Doc. 15). On August 17, 2016, the United States District Judge referred the above-styled matter to the undersigned for "consideration and disposition or recommendation on all pretrial matters as may be appropriate." Doc. 11. For the reasons that follow, the undersigned RECOMMENDS that Defendant's Motion to Dismiss (Doc. 6) be DENIED.

Plaintiff's complaint, filed on July 6, 2016, alleges violations of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*., as amended. Doc. 1. In that complaint, Plaintiff states that he received a right-to-sue notice from the Equal Employment Opportunity Commission ("EEOC") on April 6, 2016. *Id*. at 2, ¶ 10. On August 8, 2016, Defendant filed a motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the basis of untimeliness. Doc. 6 at 1. In that motion, Defendant argues that Plaintiff's complaint is untimely because a plaintiff must file suit within *ninety* days of

receiving a right-to-sue notice, and Plaintiff's complaint was filed *ninety-one* days after April 6, 2016, the date Plaintiff alleges he received his notice. *Id*. at 2. On August 29, 2016, Plaintiff filed a response to Defendant's motion stating that the date listed as Plaintiff's receipt date in the original complaint was incorrect, and that the amended complaint reflects the correct date on which Plaintiff received his right-to-sue notice. Doc. 13 at 1, ¶ 2. Plaintiff's amended complaint states that Plaintiff received the right-to-sue notice "on or about April 7, 2016." Doc. 12 at 2, ¶ 10.

Federal Rule of Civil Procedure 15(a) governs amendments to pleadings. That rule states:

> (a) **Amendments Before Trial.**
> (1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:
>     A. 21 days after serving it, or
>     B. If the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
> (2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires. . . .

Fed. R. Civ. P. 15(a). Accordingly, a plaintiff has the right to amend a complaint once as a matter of course within twenty-one days of a responsive pleading or motion to dismiss, whichever is earlier. *Id*. at 15(a)(1)(B).

Plaintiff filed his amended complaint on August 29, 2016, which is twenty-one days after Defendant filed its motion to dismiss. Thus, Plaintiff has filed a timely amended complaint as a matter of course. *See* Fed. R. Civ. P. 15(a)(1)(B). Within that complaint, Plaintiff has alleged that he received his right-to-sue notice on or about April 7, 2016.

Assuming the veracity of Plaintiff's allegation in the amended complaint, as the court must do for a motion to dismiss, Plaintiff has satisfied the conditions precedent for filing a Title VII action.  *See Hughes v. Lott,* 350 F.3d 1157, 1159–60 (11th Cir. 2003) (On a motion to dismiss, the court should accept the non-conclusory allegations in the complaint as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff.); *see also Williams v. Bd. or Regents of Univ. Sys. of Ga.*, 477 F.3d 1282, 1292 n.6 (11th Cir. 2007) ("When the plaintiff has the right to file an amended complaint *as a matter of course,* however, the plain language of Rule 15(a) shows that the court lacks the discretion to reject the amended complaint based on its alleged futility.") (emphasis in original).  If Defendant doubts the veracity of Plaintiff's allegations in the amended complaint, in whole or in part, then Defendant may deny "specifically and with particularity"—in a timely motion to dismiss Plaintiff's amended complaint—that the preconditions of Plaintiff's suit have not been fulfilled.  *See Jackson v. Seaboard Coast Line R. Co.*, 678 F.2d 992, 1010 (11th Cir. 1982).  Plaintiff would then bear the burden of providing that the conditions precedent, which Defendant has specifically joined in issue, have been satisfied.  *Id*.

Because Plaintiff has filed a timely amended complaint under Rule 15(a)(1)(B) that alleges a date which satisfies the preconditions for filing suit under Title VII, the undersigned RECOMMENDS that Defendant's current motion to dismiss (Doc. 6) be DENIED.  It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **October 18, 2016**.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is

objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); s*ee Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); s*ee also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 4th day of October, 2016.

                                       Wallace Capel, Jr.
                                       UNITED STATES MAGISTRATE JUDGE